**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **JAMES W. CREEK, JR.,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: SAG-16-3574 |
| **COMMISSIONER OF SOCIAL SECURITY** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On October 28, 2016, Plaintiff James W. Creek, Jr. ("Mr. Creek") petitioned this Court to review the Social Security Administration's final decision to deny his claims for disability benefits. [ECF No. 1]. Currently pending is the Commissioner's Motion to Dismiss Mr. Creek's Complaint. [ECF No. 17]. Mr. Creek has not filed a reply.[1] I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons explained below, I will grant the Commissioner's Motion to Dismiss.

On July 8, 2016, the Appeals Council mailed Mr. Creek notice of its decision denying his request for review of an adverse decision issued by an Administrative Law Judge, regarding his claim for DIB. [ECF No. 17-2, Chung Decl., Ex. 2]. That notice also advised Mr. Creek of his statutory right to commence a civil action within sixty days from receipt of the notice. *Id.*; 42 U.S.C. §§ 405(g) and (h). The Commissioner's implementing regulations have interpreted the statute to permit sixty-five days from the date of the notice, to allow sufficient time for mailing

---

[1] On January 12, 2017, the Clerk's Office mailed a Rule 12/56 letter to Mr. Creek to advise him of the potential consequences of failure to oppose the motion to dismiss. [ECF No. 18].

the notice. 20 C.F.R. §§ 404.901, 422.210(c). Mr. Creek has not alleged that he received the notice outside of the statutory time period. He therefore had to file his civil action on or before September 12, 2016. Instead, Mr. Creek filed his complaint about six weeks late, on October 28, 2016. [ECF No. 1].

Congress has authorized lawsuits seeking judicial review of decisions by the Commissioner only under certain limited conditions, including specified filing deadlines. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). The limitations period must therefore be strictly enforced, absent (1) an agreement by the Commissioner to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines. "[B]ecause of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.'" *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 280 (4th Cir. 2000). Mr. Creek has not alleged, and the record does not reflect, any misconduct on the part of the Commissioner in this case. As a result, equitable tolling is not warranted. Mr. Creek filed his case after the statutory limitations period had run. Accordingly, the Commissioner's Motion to Dismiss is granted.

**CONCLUSION**

For the reasons set forth above, the Commissioner's Motion to Dismiss, [ECF No. 17], is GRANTED, and the Clerk is directed to CLOSE this case.

A separate order follows.

Dated:  February 2, 2017                                          /s/
                                                              Stephanie A. Gallagher
                                                              United States Magistrate Judge